UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUY DINH NGUYEN, | Case No. C22-1127RSM |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.     INTRODUCTION

Before the Court is Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Dkt. #1.  Quy Dinh Nguyen challenges the 304-month sentence imposed on him by this Court following his guilty plea for Conspiracy to Manufacture Marijuana and Manufacturing Marijuana (more than 1,000 plants), in violation of 21 U.S.C. §§ 841(a)(1) and 846; Conspiracy to Engage in Money Laundering, in violation of 18 U.S.C. § 1956(h); and Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.* at 1; CR09-062RSM, Dkt. #40 (Second Superseding Indictment).  Petitioner seeks to vacate his sentence because one of his prior state convictions was invalidated by *State v. Blake*, 197 Wn.2d 170 (2021).  After full consideration of the record, and for the reasons set forth below, the Court DENIES this § 2255 Motion.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 1

## II.    BACKGROUND

The Court generally agrees with the relevant background facts as set forth by the Government and demonstrated by court records.  *See* Dkt. #6 at 1–4.  Mr. Nguyen's reply brief does not dispute this largely procedural background.  *See* Dkt. #258.  The Court will attempt to focus only on those facts necessary for a ruling.

On July 21, 2009, Mr. Nguyen and two codefendants were charged in this Court with: Conspiracy to Manufacture Marijuana and Manufacturing Marijuana (more than 1,000 plants), in violation of 21 U.S.C. §§ 841(a)(1) and 846; Conspiracy to Engage in Money Laundering, in violation of 18 U.S.C. § 1956(h); and Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Case No. CR09-062RSM, Dkt. #40 (Second Superseding Indictment).

On October 7, 2009, Mr. Nguyen was charged in King County Superior Court with the state offenses of: Leading Organized Crime; Murder in the First Degree; Conspiracy to Commit Murder; Attempted Murder; Assault in the First Degree; Conspiracy to Commit Professional Gambling in the First Degree; and Conspiracy to Distribute Marijuana.

On October 13, 2011, Mr. Nguyen entered a guilty plea in King County Superior Court to the offenses of Murder in the Second Degree and Conspiracy to Commit Leading Organized Crime. These offenses related to Mr. Nguyen's commissioning of a murder-for-hire that was performed against a gang member who tipped-off police to the location of one of Mr. Nguyen's marijuana grow houses.  Dkt. #6 at 2.  Under the terms of the state plea agreement, Mr. Nguyen was permitted to recommend a low-end sentence of 204 months and the prosecutors would recommend a high-end sentence of 304 months. The state plea agreement also acknowledged that Mr. Nguyen would enter a guilty plea in the related federal case, and that the prosecutors in both cases would recommend concurrent sentences.

The following day, on October 14, 2011, Mr. Nguyen signed a federal plea agreement admitting guilt as to Count 1 of the Second Superseding Indictment (Conspiracy to Manufacture Marijuana). Case No. CR09-062RSM, Dkt. #188 ("Plea Agreement"). Mr. Nguyen and the government agreed to recommend "a sentence in this federal case that is identical to the sentence to be imposed in the related case of *State of Washington v. Quy Dinh Nguyen*, 09-C-06802-6 SEA, in the King County Superior Court," and that the federal sentence be run concurrently with the state sentence.  Plea Agreement at ¶ 9.

Mr. Nguyen's state court sentencing hearing was completed on January 27, 2012.  The state court imposed the maximum sentence of 304 months' imprisonment. The federal sentencing hearing was held on February 17, 2012.  Consistent with the federal plea agreement, both the Government and Mr. Nguyen recommended 304 months (the same as in the state case) to run concurrent with the state sentence.  This Court followed the joint recommendation. Since then, Mr. Nguyen has filed several attempts to challenge the guilty pleas and the sentences imposed against him, including failed efforts to: withdraw his guilty plea in state court; withdraw his federal guilty plea; challenge the state conviction on direct appeal; attack the federal conviction and sentence on direct appeal before the Ninth Circuit; and collaterally attack the federal conviction under § 2255.  Now, he brings a second § 2255.  According to BOP records, Mr. Nguyen is scheduled to be released from custody on November 8, 2030.

Mr. Ngyuen filed this instant petition *pro se* on August 6, 2022.  Dkt. #1.  He asserts one ground for relief—that his 1999 state court conviction for unlawful possession of a controlled substance was vacated based on *State v. Blake*, *supra*, and that this entitles him to a resentencing because the Court relied on this prior felony drug conviction to determine his

1  criminal history score.  Dkt. #1-2 at 10–11.  He has not requested an evidentiary hearing or

2  discovery.

### III.   DISCUSSION

#### A. Legal Standard

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally

challenge her sentence on the grounds that it was imposed in violation of the Constitution or

laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the

sentence exceeded the maximum authorized by law.

A petitioner seeking relief under Section 2255 must file her motion with the one-year

statute of limitations set forth in § 2255(f).

A claim may not be raised in a Section 2255 motion if the defendant had a full

opportunity to be heard on the claim during the trial phase and on direct appeal.  *See Massaro*

*v. United States*, 123 S. Ct. 1690, 1693 (2003).  Where a defendant fails to raise an issue before

the trial court, or presents the claim but then abandons it, and fails to include it on direct appeal,

the issue is deemed "defaulted" and may not be raised under Section 2255 except under

unusual circumstances.  *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United*

*States v. Braswell*, 501 F.3d 1147, 1149 & n.1 (9th Cir. 2007).  Unless the petitioner can

overcome this procedural default, the Court cannot reach the merits of his claims.  *See Bousley*,

523 U.S. at 622.  To do so, the petitioner must "show both (1) 'cause' excusing his double

procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."

*United States v. Frady*, 456 U.S. 152, 168 (1982).[1]  To demonstrate "cause" for procedural

default, a defendant generally must show that "some objective factor external to the defense"

---

[1] Another means by which procedural default may be excused is by establishing actual innocence.  *See Bousley*, 523 U.S. at 622.

impeded his adherence to a procedural rule.  *Murray*, 477 U.S. at 488.  *See also United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003).   The Supreme Court has held that "cause" for failure to raise an issue exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel."  *Reed v. Ross*, 468 U.S. 1, 16 (1984).  The "prejudice" prong of the test requires demonstrating "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Frady*, 456 at 170.

## B.  Analysis

There is no dispute that Mr. Nguyen meets the "custody" requirement of the statute and that this is Motion is timely under § 2255(f).  The parties agree that this is not a second or successive petition within the meaning of 28 U.S.C. § 2255(h) because Mr. Nguyen's current claim was not ripe for resolution at the time the first motion was filed.

The Government first argues that Mr. Nguyen's claim cannot overcome procedural default for failing to raise this issue at sentencing or on appeal.  The Government concedes that Nguyen has established "cause" to excuse this default, but contends that reliance on this now-vacated conviction was "totally harmless" because:

> …while Nguyen's now-vacated conviction was used to assess him one criminal point (PSR ¶ 46), removing that one point does not alter Nguyen's criminal history score, nor does it change the applicable Guidelines range. Nguyen had a total of five Criminal History Points, placing him in Criminal History Category III. PSR ¶ 53. Removing the one point for the vacated conviction leaves Nguyen with four Criminal History Points, still placing him in Criminal History Category III. *See* Sentencing Guidelines, Sentencing Table (CHC III applies to defendants with 4, 5, or 6 points).

Dkt. #6 at 6 (citing *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009).

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 5

The Court agrees with this thinking, and includes it here to the extent it is necessary to foreclose a challenge based on the Guidelines.  However, while there would have been no change to the Guidelines range, this is largely irrelevant because the sentence was not based on that but rather on the parties' plea agreement.  The Court has previously held:

> [Nguyen's] sentence of 304 months was not, in any way, based on or even related to the original federal sentencing range of 151 to 188 months. Nor is there any reason to believe that his sentence would be any lower today than it was when imposed in 2012 as a result of amendments [to the drug quantity sentencing guidelines]. Rather, it is clear from the Plea Agreement, the King County plea documents, and the transcript of the federal Sentencing Hearing that the 304-month sentence was based, entirely, on the Washington State sentencing range for Murder with the Firearm Enhancement and the sentence imposed in the King County Superior Court cases.

Case No. CR09-062RSM, Dkt. #232 at 4-5 (Order Denying Motion for Sentencing Reduction). There was thus no harm caused by the now-improper reliance on a single 1999 felony conviction for possession of a controlled substance.  It is completely and utterly outweighed by the evidence above that the sentence was based, entirely, on the Washington State sentencing range for Murder with the Firearm Enhancement and the sentence imposed in the King County Superior Court cases.

Even if Mr. Nguyen's claims were not procedurally defaulted for failure to establish prejudice, the Court agrees with the Government that a harmless error such as this one cannot otherwise serve as the basis for § 2255 relief.  Dkt. #6 at 10 (citing *United States v. Reed*, ___ F.4th ___, 2022 WL 4231210, at *7 (9th Cir. Sept. 14, 2022); *United States v. Montalvo*, 331 F.3d 1052, 1058-59 (9th Cir. 2003)).  Given the above, the Court need not address the Government's other reasons for denying this Motion.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 6

### C. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The Court finds that the law above is clear and there is no basis to issue a COA.

### D. Motion for Court-Appointed Counsel

Having so ruled above, Petitioner's Motion for Court-Appointed Counsel, Dkt. #2, is moot. However, even if the Court were to consider it, Mr. Nguyen has failed to set forth a valid basis for counsel.

The district court has the discretion to appoint counsel in habeas matters. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The district court must appoint counsel in a § 2255 action when an evidentiary hearing is warranted pursuant to Rule 8(c) of the Rules Governing § 2255 Cases, *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a). The district court also must appoint counsel when the case is so complex that the lack of counsel would result in the denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962)). The Court may also consider whether the interests of justice otherwise require the appointment of counsel. *See Terrovona v. Kincheloe*,

912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

First, as discussed above, Mr. Nguyen's claims are easily dismissed for largely procedural reasons. Second, the issues presented in Mr. Nguyen's motion are not particularly complex. Finally, Mr. Nguyen has demonstrated he is able to effectively articulate his claims in his initial Motion and in his Reply brief. Based on these findings, the Court concludes that appointment of counsel is not warranted, and that prior appointment of counsel would not have affected the Court's disposition of this Motion.

## IV.    CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED. No COA shall be issued.

2. Petitioner's Motion to Appoint Counsel, Dkt. #2, is DENIED AS MOOT.

3. This matter is now CLOSED.

4. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 5th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE